Alan H. Weinreb, Esq.
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 945-6055
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
WINDWARD BORA LLC,

                            Plaintiff,                          VERIFIED COMPLAINT

    -against-

469 BK LLC; DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT; M.N.P. INC.;
NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD,
                            Defendant(s).
-------------------------------------------------------------------X

       Plaintiff, Windward Bora LLC (hereinafter "Plaintiff"), by and through its attorneys, The Margolin & Weinreb Law Group, LLP as and for its Verified Complaint of foreclosure of the premises and mortgage against 469 BK LLC, Department of Housing Preservation and Development, M.N.P. Inc. and New York City Environmental Control Board (the "Defendants"), respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 469 East 25th Street, Brooklyn, NY 11226 known on the Kings County Tax Map as Block: 5212 Lot: 69 in the County of Kings and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2. Windward Bora LLC is a limited liability company organized under the laws of the State of Delaware. Windward Bora LLC is a single member limited liability company, whose sole member, Yonel Devico, is a citizen of the Kingdom of Morocco. Devico is lawfully admitted for permanent residence in the United States and is domiciled in the State of Florida. For the purposes of diversity, Windward Bora LLC is a citizen of Florida.

3. 469 BK LLC, upon information and belief, is a limited liability company. The member of 469 BK LLC is Joseph C. Kraus residing at 14 Meron Drive, #302, Monroe, NY 10950. As such, 469 BK LLC is a citizen of New York for diversity purposes. 469 BK LLC is a necessary party defendant to this action by virtue of the fact that it is the owner of record by virtue of the execution of the Deed recorded on 1/10/19 in CRFN 2019000011095 in the Kings County Clerk's Office. A copy of the deeds transferring the Subject Property from Barrington Adrian, ultimately to 469 BK LLC are annexed as Exhibit "F".

4. Department of Housing Preservation and Development, upon information and belief, having an address and regular place of business at 100 Gold Street, 6th Floor, New York, NY 10038. It is a necessary party defendant to this action because it is a judgment creditor by virtue of a Kings County Court judgment docketed on 1/6/2014 for $8,000.00 against the borrower and/or property which is subject to Plaintiff's mortgage. See judgment docket at Exhibit "F".

5. M.N.P. Inc., upon information and belief, is a company organized under the laws of the State of New York with an address and regular place of business at 3 Farm Hill Lane, East Norwich, NY 11732. It is a citizen of the State of New York. It is a necessary party defendant to this action because it is a judgment creditor by virtue of a Kings County Court judgment

      docketed on 2/20/2015 for $293,070.10 against the borrower and/or property, which is subject to Plaintiff's mortgage. See judgment docket at Exhibit "F".

6. New York City Environmental Control Board is an administrative tribunal of the City of New York, located at 1250 Broadway, 7th Floor, New York, NY 10001. For purposes of diversity jurisdiction, it is a citizen of New York State. It is a necessary party defendant to this action because it is a judgment creditor by virtue of Environmental Control Board Violations filed in the Kings County Court, against the borrower and/or property, which are subordinate to Plaintiff's Mortgage.

7. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

8. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

9. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

10. This action is brought to foreclose a mortgage made by Barrington Adrian set out as follows: Mortgage dated January 24, 2007 made by Barrington Adrian to National City Bank. to secure the sum of $350,000.00 and interest, recorded on March 12, 2007 in CRFN

2007000130737 in the Kings County Clerk's Office. Said lien covers premises known as 469 East 25th Street, Brooklyn, NY 11226. A copy of the Mortgage is annexed as Exhibit "B".

11. On January 24, 2007, Barrington Adrian executed and delivered a Note to National City Bank in the amount of $350,000.00. A copy of the Note with allonges is annexed as Exhibit "C".

12. The Note was transferred by the affixation of allonges to the Note. The Mortgage was assigned by Assignments of Mortgage as follows:

   a) **Assignor:** PNC Bank, N.A. successor by merger to National City Bank
      **Assignee:** Dreambuilder Investments, LLC
      **Dated:** September 3, 2010 **Recorded:** November 19, 2019
      CRFN 2019000376364
   b) **Assignor:** Dreambuilder Investments, LLC
      **Assignee:** RCS Recovery Services LLC
      **Dated:** September 26, 2012 **Recorded:** November 19, 2019
      CRFN 2019000376365
   c) **Assignor:** RCS Recovery Services LLC
      **Assignee:** Windward Bora LLC
      **Dated:** April 5, 2019 **Recorded:** November 19, 2019
      CRFN 2019000376366

   Copies of the Assignments are annexed hereto as Exhibit "D", respectively.

13. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

14. Plaintiff is in physical possession and is the owner and holder of said original Note and Mortgage.

15. Barrington Adrian has failed to comply with the terms and provisions of the said Mortgage and said instruments secured by the Mortgage, by failing to make the Monthly Payments due on January 1, 2014 and the default continues to date.

16. Plaintiff has complied with the contractual provisions in the loan documents in that Default Notice to cure was issued on October 3, 2019 to Barrington Adrian (the "Default Notice") advising of possible acceleration of the loan and that by virtue of his continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. The 90-day notice provided by RPAPL 1304(1) was issued on October 3, 2019 to Barrington Adrian. Plaintiff has complied with the registration requirements of RPAPL 1306(1). Copies of the Default Notice and 90-day notice with proof of mailing and registration are annexed hereto as Exhibit "E".

17. Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

18. As of the date herein, Barrington Adrian has failed to respond to the Default Notices.

19. Due to the above-described default, Barrington Adrian is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

    a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of October 3, 2019 amounts to $533,837.50:

    b. Attorney's fees and other costs and disbursements, payable to Windward Bora LLC under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

    c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

20. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following

    a. Any state of facts that an inspection of the premises would disclose.

    b. Any state of facts that an accurate survey of the premises would show.

    c. Covenants, restrictions, easements and public utility agreements of record, if any.

    d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

    e. Any right of tenants or person in possession of the subject premises.

    f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

    g. Prior lien(s) of record, if any.

21. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

22. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

23. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof.

**WHEREFORE**, on the first cause of action, the Plaintiff demands judgment that the Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint and any Riparian Rights of others ; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the

Plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: January 6, 2020
      Syosset, New York

                                    Yours, etc.

                              By: /s/ Alan H. Weinreb
                                  Alan H. Weinreb, Esq.

## VERIFICATION BY ATTORNEY

**ALAN H. WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: January 6, 2020
       Syosset, New York

                                      /s/ Alan H. Weinreb
                                    **ALAN H. WEINREB**