# THE MARGOLIN & WEINREB LAW GROUP, LLP

Attorneys at Law
165 Eileen Way, Suite 101
Syosset, New York 11791

ALAN WEINREB, ESQ.
C. LANCE MARGOLIN, ESQ.
CYNTHIA A. NIERER, ESQ.

(516) 921-3838
FAX  (516) 921-3824
www.nyfclaw.com

March 1, 2021

*Via ECF*
Judge Brian M. Cogan
United States District Court—E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  SD-1 LLC v. 469 BK LLC., et al., Civil Action No. 20-cv-96-MKB-SMG

Dear Judge Cogan,

      We are counsel to SD-1 LLC ("Plaintiff") in the above-entitled case. Please accept this letter in response to Your Honor's Order to Show Cause entered on February 22, 2021, which directs Plaintiff to show cause why this action should not be dismissed for various reasons.

      Plaintiff will address Your Honor's concerns in the order they were presented.

(1) <u>Plaintiff's citizenship</u>: Windward Bora LLC's sole member is a citizen of the State of Florida for the purposes of diversity jurisdiction. "[A]n alien who has been accorded lawful permanent residence from the United States…is considered a citizen of the state in which he is domiciled." 28 U.S.C. Sec. 1332(a)(2). As set forth in Plaintiff's Complaint, Plaintiff's sole member "is a citizen of the Kingdom of Morocco…is lawfully admitted for permanent residence in the United States and is domiciled in the State of Florida. For the purposes of diversity, Windward Bora LLC is a citizen of Florida."

Unlike in the case cited by Your Honor, *Taggar v. Strauss Group Ltd.*, there are no alien or non-resident alien Defendants in this case. All of the Defendants are citizens of New York. In *Taggar*, the Court found that the Plaintiff's "permanent resident status did not authorize him to be considered a citizen of [a state] for diversity purposes *when the defendant was also an alien*" (emphasis added). Furthermore, *Taggar* recites the amended section 1332(a)(2), which states that jurisdiction exists in suits between "citizens of a state and citizens or subjects of a foreign state, *except* that district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled *in the same state*." (Emphasis added). The *Taggar* Court concluded that section

1332(a)(2) "does not give the district court jurisdiction over a suit by a permanent resident alien *against a non-resident alien*." (Emphasis added).

This case does not fall under the exceptions as set forth in *Taggar*. As such, Plaintiff maintains that it is a citizen of Florida for the purposes of diversity jurisdiction in this action.

(2) <u>Defendant 469 BK LLC's citizenship</u>: Plaintiff has determined that 469 BK LLC is a single-member limited liability company. Its sole member is a citizen of the State of New York for diversity purposes. Plaintiff is in the process of obtaining a sworn attestation from the sole member attesting to the fact that he is the only member of 469 BK LLC and a citizen of the State of New York. Accordingly, Plaintiff respectfully requests that it be permitted until March 16, 2021 to file said sworn attestation with the Court.

(3) <u>Department of Housing Preservation and Development</u>: "The Department of Housing Preservation and Development is an administrative department of the City of New York with its principal place of business at 100 Gold Street, New York, NY 10038. As such, it is a citizen of the State of New York for diversity purposes." Due to a scrivener's error, Plaintiff inadvertently neglected to allege that the Department of Housing Preservation and Development is a citizen of New York. Accordingly, Plaintiff respectfully requests that the aforementioned verbiage be *nunc pro tunc* added to paragraph 4 of Plaintiff's Complaint. No parties will be prejudiced by this amendment.

(4) <u>Default against Barrington Adrian</u>: After reviewing Plaintiff's Motion, we believe that Your Honor may have misinterpreted the Preliminary Statement of Plaintiff's Memorandum of Law in support of its default judgment motion, which states in part that "Plaintiff has demonstrated that it is entitled to a default judgment in this matter, as well as damages due as a result of *Barrington Adrian's* (the "Borrower") *default*". (Emphasis added). Plaintiff would like to clarify that it was referring to Barrington Adrian's default in making payments pursuant to the loan as the borrower of the loan. Plaintiff was not referring to Barrington Adrian defaulting in answering or otherwise appearing in this action, as Barrington Adrian was neither named nor served in this action.

Additionally, Plaintiff's judgment does not seek a deficiency against Barrington Adrian, nor does it seek a foreclosure or monetary judgment against Barrington Adrian. It is solely seeking a judgment of foreclosure and sale against the named Defendants.

Should the Court require additional information, kindly advise. We thank the Court for its review of our submission and request that the Court look favorably thereon.

Respectfully,

/s/ Alan H. Weinreb
Alan H. Weinreb, Esq.